# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3842-17T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

C.D.,

     Defendant-Appellant.

_____

Submitted September 18, 2019 – Decided September 25, 2019

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 08-05-0459.

Joseph E. Krakora, Public Defender, attorney for appellant (Anthony J. Vecchio, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Kelsey A. Ball, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant C.D. appeals from the January 11, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

As discussed in our opinion on defendant's direct appeal, a Union County grand jury returned an indictment charging defendant with "one or more acts of sexual penetration upon his stepdaughter R.G.R.," a child who was under the age of thirteen at the time of the assaults. State v. C.D., No. A-0055-12 (App. Div. Aug. 12, 2015) (slip op. at 1). Following a trial, a jury convicted defendant of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Ibid. The court sentenced defendant to an aggregate eighteen-year term, subject to an eighty-five percent period of parole ineligibility, and five years of parole supervision pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Id. at 3.

Defendant appealed his conviction and sentence. We affirmed, id. at 4, and the Supreme Court denied certification. State v. C.D., 223 N.J. 558 (2015).

Defendant later filed a petition for PCR, contending in a brief submitted on his behalf by his assigned attorney, that his trial counsel rendered ineffective

assistance due to the attorney's failure to conduct a thorough pre-trial investigation that would have led to the discovery of witnesses who "would have exonerated" defendant. Defendant's attorney also argued that the trial counsel "failed to provide [defendant] with a plea offer that was made during trial."

Defendant submitted a supplemental brief on his own behalf, and argued that his trial attorney incorrectly advised him that the State had the burden of proving an act of sexual penetration to sustain the charge of first-degree aggravated sexual assault under N.J.S.A. 2C:14-2(a). In addition, defendant asserted that his attorney failed to file a motion to suppress R.G.R.'s videotaped statement to the prosecutor's office.

In a thorough written decision, Judge Robert Kirsch considered these contentions and denied defendant's petition. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

In so ruling, Judge Kirsch found that defendant's claim that his attorney should have presented witnesses to exonerate him lacked merit because defendant "d[id] not identify the names of any witnesses, describe them or what

testimony they may have offered, or whom he sought to have called [as witnesses,] but were not. Instead, [defendant] ma[de] a vague assertion with no support."

Judge Kirsch determined that defendant also failed to present any evidence that the State ever made a plea offer to his attorney during the course of the trial. Therefore, the judge rejected defendant's bald assertion that his attorney was ineffective by failing to apprise him of this non-existent offer.

Turning to the arguments defendant raised in his supplemental brief, Judge Kirsch found that defendant's attorney properly advised defendant that he could not be convicted of aggravated sexual assault without testimony or evidence of sexual penetration because that was clearly one of the elements of this offense under N.J.S.A. 2C:14-2. The judge also noted that the State presented this required evidence to the jury through the admission of R.G.R.'s videotaped statement. Contrary to defendant's contention, the judge also found that his trial attorney had made a motion to suppress this statement prior to the trial, although that motion was not successful. See C.D., (slip op. at 2-3).

Therefore, Judge Kirsch concluded that defendant did not prove a prima facie case of ineffective assistance of counsel, and denied defendant's petition. This appeal followed.

In the brief submitted on his behalf by his appellate counsel, defendant raises the following contentions:

> I. THE PCR COURT ERRED IN NOT GRANTING DEFENDANT AN EVIDENTIARY HEARING WHERE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL DURING HIS TRIAL.
>
> A. Trial counsel was ineffective for failing to conduct a thorough pre-trial investigation.
>
> B. Trial counsel was ineffective for failing to relay a plea offer made during trial.

In addition, defendant presents the following issues in his pro se supplemental brief:

> POINT I
>
> THE [PCR] COURT ERRED BY DENYING [DEFENDANT] AN EVIDENTIARY HEARING TO ESTABLISH INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY PROVIDED ERRONEOUS ADVICE LEADING TO THE REJECTION OF A PLEA OFFER FROM THE STATE.
>
> POINT 2
>
> THE [PCR] COURT ERRED BY DENYING [DEFENDANT] A NEW TRIAL DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FAILED TO FILE A CLEARLY MERITORIOUS MOTION TO SUPPRESS

5

PORTIONS OF THE VIDEOTAPE ALLEGING PENETRATION.

POINT 3

THE [PCR] COURT ERRED BY DENYING [DEFENDANT] AN EVIDENTIARY HEARING TO ESTABLISH THAT THE PROSECUTION WITHHELD EXCULPATORY EVIDENCE FROM THE DEFENSE IN CONTRAVENTION TO THE DUE PROCESS CLAUSE OF THE 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS WELL AS ARTICLE 1, ¶ 1 OF THE NEW JERSEY STATE CONSTITUTION OF 1947.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only

if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his or her right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987). Under the first prong of the test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate with "reasonable probability" that the result would have been different had he or she

A-3842-17T3

received proper advice from his or her trial attorney. <u>Strickland</u>, 466 U.S. at 694.

Having considered defendant's contentions in light of the record and the applicable law, we conclude that they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). We affirm the denial of defendant's PCR petition without an evidentiary hearing substantially for the reasons detailed at length in Judge Kirsch's well-reasoned and comprehensive written opinion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3842-17T3